CARL M. MAYOROS, APPELLANT. v. BOARD OF REVIEW, DEPARTMENT OF LABOR AND INDUSTRY, STATE OF NEW JERSEY, AND BECHTALS ARCO SERVICE STATION, RESPONDENTS.

BARRY B. FARMER, APPELLANT, v. BOARD OF REVIEW, DEPARTMENT OF LABOR AND INDUSTRY, STATE OF NEW JERSEY AND LENOX CHINA, INC., RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued September 16, 1975—Decided October 3, 1975.

Before Judges FRITZ, SEIDMAN and MILMED.

Mr. Dennis Braithwaite argued the cause for appellant (Mr. Charles Middlesworth, Jr., Director, Cape-Atlantic Legal Services, attorney; Mr. Robert LeGore, Legal Director, N.A.R.C.O., INC., of counsel and on the brief).

Mr. Max H. Schloff, Deputy Attorney General, argued the cause for respondent Board of Review (Mr. William F. Hyland, Attorney General of New Jersey, attorney; Mr. Michael S. Bokar, Deputy Attorney General, of counsel).

No briefs were filed on behalf of respondents Bechtals Arco Service Station and Lenox China, Inc.

PER CURIAM. Appellants, each of whom alleged physical inability to continue in his employment because of heroin addiction, applied for State Plan benefits under the Temporary Disability Benefits Law, N. J. S. A. 43:21–25 et seq. The Disability Insurance Service of the Division of Unemployment and Disability Insurance determined that both were ineligible to receive benefits on the ground that the disability resulted from a willfully self-inflicted injury. The Appeal Tribunal reached a like result, but held, additionally, that claimants' addiction resulted from an illegal course of conduct. The Board of Review affirmed, and both claimants appeal.

N. J. S. A. 43:21–39(f) provides that no benefits shall be payable to any person:

* * * for any period of disability due to willfully and intentionally self-inflicted injury, *or to injury sustained in the perpetration by the claimant of a high misdemeanor.* [Emphasis supplied]

Claimants contend that they do not come within the latter portion of the statute because chronic heroin addiction is an injury which results from the use of a controlled danger-

ous substance, a disorderly person offense, *N. J. S. A.* 24:21–20(b), and not from the mere possession of the drug. This argument is without merit.

Under *N. J. S. A.* 24:21–20(a)(1), the unlawful possession of heroin is a high misdemeanor. This includes possession of heroin intended for the possessor's own use. *State v. Gibson,* 126 *N. J. Super.* 25, 26–27 (App. Div. (1973). See also, *State v. Reed,* 34 *N. J.* 554, 564 (1961). Since "[u]se is ordinarily preceded by the user's possession of the drug," 34 *N. J.* at 557, there can be no doubt that the injury here, namely, the drug-induced disability, was sustained "in the perpetration by the claimant of a high misdemeanor." Thus, it is clear that both claimants were ineligible for temporary disability benefits under *N. J. S. A.* 43:21–39(f). Such result is in accord not only with the intendment of the act, but also with the public policy that one should not be allowed to profit by his own wrong. *Cf. Potts v. Barrett Divison, etc.,* 48 *N. J. Super.* 554, 560–562 (App. Div. 1958).

Since the determination below was correct for the reasons set forth above, there is no need for us to consider the additional point raised by appellants that inasmuch as chronic alcoholics are not barred from recovering disability benefits on the ground of self-inflicted injury, "little medical or psychological differentiation can be made in terms of self-inflicted injury between the disfunctional opiate addict and disfunctional alcoholic," and, therefore, the alternate statutory basis for disqualification on the ground of self-inflicted injury should not apply.

The decisions of the Board of Review are affirmed.